HAYDEN v. JOLINE et al.

(Supreme Court, Appellate Division, First Department. April 22, 1910.)

1. STREET RAILROADS (§ 114*)—INJURIES—ACTIONS—PROOF—CAUSE OF ACTION.

To make a street railroad company liable for personal injuries by falling off the rear of a wagon onto the street by reason of a hole in that part of the street over which its tracks ran, the evidence must identify and describe with reasonable certainty the particular hole which

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

caused the accident, so as to show that it could have caused the accident, especially where there was another possible cause.

[Ed. Note.—For other cases, see Street Railroads, Dec. Dig. § 114.*]

**2. MUNICIPAL CORPORATIONS (§ 819*)—TORTS—DEFECTIVE STREETS—ACTIONS FOR INJURIES—PROOF—CAUSE OF ACTION.**

To make a city liable for personal injuries sustained by being shaken off a wagon by running into a hole in a street, the evidence must identify and describe the particular hole causing the accident with reasonable certainty so as to show that it would cause the accident, especially where there was another possible cause.

[Ed. Note.—For other cases, see Municipal Corporations, Dec. Dig. § 819.*]

**3. NEGLIGENCE (§ 121*)—BURDEN OF PROOF.**

Plaintiff must establish a cause of action for personal injuries resulting from negligence and cannot cast the burden of negativing her cause of action upon defendants because accurate evidence of the cause and circumstances of the accident cannot be had.

[Ed. Note.—For other cases, see Negligence, Cent. Dig. §§ 224–228; Dec. Dig. § 121.*]

**4. STREET RAILROADS (§ 114*)—MAINTENANCE OF PAVEMENT—INJURIES—ACTION—SUFFICIENCY OF EVIDENCE.**

In an action against a street car company for personal injuries by falling from the rear of a wagon onto the street by reason of a hole in the street, evidence *held* not to show by a preponderance the cause of the accident so as to make out a case.

[Ed. Note.—For other cases, see Street Railroads, Dec. Dig. § 114.*]

Appeal from Trial Term, New York County.

Action by Margaret Hayden, as administratrix of James Hayden, deceased, against Adrian H. Joline and another, as receivers of the New York City Railway Company and the City of New York, impleaded. From a judgment against the defendant city and from an order denying a new trial, the city appeals, and plaintiff appeals from so much of such judgment and an order as sets aside the verdict and dismisses the complaint as to the receivers. Affirmed on plaintiff's appeal, and reversed and new trial granted on the city's appeal.

See, also, 122 N. Y. Supp. 1131.

Argued before INGRAHAM, P. J., and LAUGHLIN, CLARKE, SCOTT, and MILLER, JJ.

I. Henry Harris, for appellant.

Theodore Connoly, for appellant City of New York.

Bayard H. Ames, for respondents.

SCOTT, J. In this action for damages for the death of plaintiff's intestate, a verdict was rendered against the city of New York and the receivers of the New York City Railway Company. The court set aside the verdict as against the receivers and dismissed the complaint as to them. Judgment was entered upon the verdict against the city. The latter appeals from this judgment, and the plaintiff appeals from the order and judgment setting aside the verdict and dismissing the complaint against the receivers of the railway company.

It must be said that the verdict rested largely upon conjecture. The deceased, a young man about 19 years of age, was a helper on an

express wagon. He undoubtedly fell from the rear of the wagon to the street receiving the injuries which resulted in his death. No one saw him fall, and no one saw him immediately before he fell. The driver of the wagon, who sat upon a seat in front, had seen the deceased about five or six blocks away from the point of the accident. Deceased was then sitting towards the rear of the wagon on a loose covered box which was carried in the wagon and in which small articles were sometimes put. The wagon was then coming up West Broadway, below West Third street. It drove up University Place to a point above Eighth street, when the driver turned his wagon sharply, from the westerly or south-bound track, in which it had been running, to the easterly or north-bound track. The evidence indicated that in executing this operation the wagon "skidded," and one of the wheels struck one of the rails. The driver testifies that at or about this moment he felt the wagon jolt or jar as if one of the wheels had run into a hole. The negligence complained of is permitting this hole to remain in the roadway. The street was paved with asphalt, laid upon a stone pavement. There is evidence that there were a number of holes or depressions in the pavement between Eighth and Ninth streets, and extreme discrepancies between the estimates of the different witnesses as to the depth of these holes. No one can positively identify the particular hole which caused the jolt of the wagon, and it is evident that some of the worst holes testified to could not have been the one which the driver attempts to identify as that into which his wheel sank. The hole into which he thinks that the wagon wheel went the driver locates between the rails of the easterly or north-bound track and estimates as being about two feet wide and one foot long. At one time he fixes its depth at five or six inches, and later on says that he saw no hole deeper than four inches. The evidence on the part of the defendant was that the street had been thoroughly repaired less than a month before the accident, and that there were no holes in the pavement at the time of, or immediately before, the accident.

It is quite evident that, in order to fasten responsibility upon the defendants, or either of them, because they permitted a hole to remain in the pavement, it is necessary to identify and describe with a reasonable degree of certainty the particular hole which caused the accident. Until so identified and described, it is impossible to say that it was of a character to produce the accident or to sustain a charge of negligence. Carson v. Village of Dresden, 129 App. Div. 728, 113 N. Y. Supp. 959. Especially is this true where, as in the present case, the evidence indicates another possible cause of the accident in the "skidding" of the wheels. To recover, the plaintiff must establish a cause of action by a preponderance of evidence, and she is not relieved of this burden, and entitled to cast the burden of proving a negative upon defendants, merely because accurate evidence of the manner and cause of the accident is not available. We cannot say upon the present record that the plaintiff maintained the burden which the law casts upon her. Upon the evidence the complaint was rightly dismissed as against the receivers of the railroad company.

The judgment in so far as appealed from by plaintiff is affirmed,

with costs. Upon the appeal of the city of New York the judgment and order appealed from are reversed, and a new trial granted, with costs to the appellant to abide the event. All concur.