### MENZIES v. INTERSTATE PAVING CO.

(Supreme Court, Appellate Division, Second Department. June 29, 1905.)

MUNICIPAL CORPORATIONS—DEFECTIVE STREETS—INJURIES TO TRAVELER—EVIDENCE.

A person suing for injuries alleged to have been caused by reason of a defective street cannot recover on showing the defect, and a fall in proximity thereto, without showing that the fall was caused by the defect.

Appeal from Trial Term, Kings County.

Action by Marie R. Menzies against the Interstate Paving Company. From a judgment for plaintiff, and from an order denying a motion for a new trial, defendant appeals. Reversed.

Argued before HIRSCHBERG, P. J., and BARTLETT, JENKS, RICH, and MILLER, JJ.

M. W. Van Auken, for appellant.
Ferdinand E. M. Bullowa, for respondent.

MILLER, J. The plaintiff has recovered a judgment for personal injuries alleged to have resulted from a fall caused by a defective sidewalk or crosswalk at the intersection of two city streets. It appears that the defendant paving company was engaged in tearing up the street, preparatory to paving, pursuant to a contract with the city; that the stones forming the crosswalk had been loosened and somewhat displaced; and that a hole $2\frac{1}{2}$ feet in depth from the surface of the sidewalk had been formed in the gutter at or near the place where the plaintiff fell. But it does not appear that the plaintiff's fall was occasioned either by her stepping into this hole or stumbling against the loosened stones. Both she and her husband, who was with her, testify that they did not know what caused her to fall. The record discloses a fall in close proximity to defects in the crosswalk, with the plaintiff in court and utterly failing to shed any light on the cause of such fall. The fact that a defective condition of the street might have caused the accident is not sufficient. If the plaintiff could not account for it, certainly a jury should not

be permitted to speculate, and, without some evidence showing more than a mere possibility, it was error to submit the case to the jury.

The judgment and order should be reversed, and a new trial granted; costs to abide the event.   All concur.

Ferdinand E. M. Bullowa, for respondent.

