Burns, Appellant, *v.* City of Pittsburgh et al.

Argued October 9, 1935. Before FRAZER, C. J., KEP-HART, SCHAFFER, MAXEY, DREW, LINN and BARNES, JJ.

*Ben Paul Brasley,* of *Brasley, Rubin, Balter & Cole,* for appellant.

*E. V. Buckley,* with him *William D. Grimes,* City Solicitor, *Anne X. Alpern, Thomas L. Jones* and *Pugliese & Evans,* for appellee.

OPINION BY MR. JUSTICE KEPHART, November 25, 1935:

This was an action to recover damages for injuries arising from a fall on a sidewalk in the City of Pittsburgh. Plaintiff's statement of claim and testimony fixes the place at 4860-62 Gloster Street. For approximately ten years plaintiff had resided at 4864 Gloster Street, adjacent to the alleged situs of his fall. At about midnight he was walking on Gloster Street with Mr. Callagher when, he states, "I felt my feet go into a hole and I was thrown forward." There was evidence of many depressions at this location, and estimates of their dimensions ranged from two to six inches in depth, from six to fourteen inches in width and from ten to fourteen inches in length. For some of them the municipality might be liable if an injury resulted therefrom, while it would not if an accident resulted from others.

The sole eyewitness, Mr. Callagher, placed the location of the accident at 4856 or 4858 Gloster Street, and he was corroborated by the testimony of another witness who observed plaintiff immediately following the accident as he was taken from the sidewalk. At this location there had existed an ice plant, whose trucks were accustomed to drive on and over the sidewalk. As a result, the pavement had been pressed down into a driveway about the width of a truck. It was described as a "depression." At its deepest point—the point where the truck wheels usually traveled—the depression was about six inches below the surface of the sidewalk which

brought it flush with the cartway. It ascended gradually from this point and, at the inner edge of the sidewalk, was even therewith. Its sides were described as "tapering," and its bottom surface as "shaggy." Mr. Callagher testified that when he and plaintiff reached the depression, "he [the plaintiff] just seemed to vanish and fell over suddenly." This was the entire case on negligence, and from a judgment of nonsuit this appeal followed.

The only question presented is whether plaintiff presented sufficient evidence of liability to permit the case to go to the jury. In considering this nonsuit, the court will view the evidence in the light most advantageous to plaintiff, and will determine whether, under all the facts, the evidence was sufficient to permit the jury to find that the municipality negligently maintained its streets at the place of accident so as to cause plaintiff's injury. Though plaintiff was familiar with the unsafe condition of the sidewalk and there were street lights close at hand, as we view the question of negligence, it is unnecessary to discuss contributory negligence. The city had the duty of maintaining its streets in a reasonably safe condition for travel; and, to enable plaintiff to recover, he must establish a breach of that duty which caused his injury. Proof of injury alone, without more, or of the existence of the negligent condition without showing that it caused the injury complained of, is insufficient to establish a case of liability: Erbe v. P. R. T. Co., 256 Pa. 567, 570; Beck v. Germantown Cricket Co., 37 Pa. Superior Ct. 521; Menzies v. Interstate Paving Co., 94 N. Y. Supp. 492.

From the evidence it cannot be determined with reasonable certainty either the cause of plaintiff's fall or whether the cause showed actionable misconduct on the part of the city. Assuming, in accordance with plaintiff's testimony, that the accident took place before 4860-62 Gloster Street there was no evidence to show that

any of the described holes caused his fall and it may, in fact, have been caused by a defect for which the city could not be held responsible. In other jurisdictions it has been held that where a fall is ascribed to a defect in the sidewalk, plaintiff must describe with reasonable particularity and certainty the defect which caused the fall. See, for example, Hayden v. Jolene, 122 N. Y. Supp. 629. It is unnecessary to decide whether this is a practical and just rule in every situation or whether the cases in Pennsylvania establish a similar principle. Negligence, in certain situations, may be established by circumstantial evidence (see Mars v. P. R. T. Co., 303 Pa. 80, 89). Here, however, plaintiff should have shown at least that other causes for which the city would not be responsible did not exist or, if they did, were not the probable cause of his fall. As has been stated, "to show the existence of an opportunity in the condition of the street for the happening of the injury complained of" is not sufficient, plaintiff must also prove that the defect caused the injury or render it improbable that causes for which the city was not responsible did so: Stern v. Reading, 255 Pa. 96. Had plaintiff established that, in a small area, there existed holes all of which charged the city with negligence, and one of which undoubtedly caused his fall, we would be presented with other considerations.

Mr. Callagher's testimony definitely fixed the location of the fall at either 4856 or 4858 Gloster Street, and he was corroborated in this by the witness who saw plaintiff when he was lifted from the pavement. That Callagher set a place other than that testified to by plaintiff would not bar recovery. See Corcoran v. Phila., 70 Pa. Superior Ct. 512. Nor would the fact that it was a place other than that set forth in the statement of claim, for this constituted a variance which plaintiff could have amended (Ellis v. Greenbaum Sons Inv. Co., 307 Pa. 77, 84; Ponti v. Phila., 63 Pa. Superior Ct. 428; cf. Han-

ley et ux. v. Ryan et ux., 87 Pa. Superior Ct. 6) ; and if it found defendant unprepared it could have asked for a continuance. But its propriety is not here questioned as a variance. The court below concluded that plaintiff had failed to show that the condition of the depression was so dangerous for travel as to charge the municipality with negligent maintenance and repair of the highway, since it was a gradual or tapering depression and not a precipitous one; nor of such depth and width that with the tapering sides the jury should have passed on the question of negligence. Can we hold that the court was in error and that the description of the place of the accident shows the street in such condition that the jury could find it was unsafe for ordinary use? A driveway across a sidewalk cannot of itself be held to be a condition unfit for public travel and therefore negligent. There are cases that hold that whether a depression discloses actionable misconduct on the part of the city is generally a question for the jury. See Williams v. Kozlowski, 313 Pa. 219; Shafer v. Phila., 60 Pa. Superior Ct. 256. But the facts of these cases show that there was evidence of a dangerous slope from the curb to the center line and then to the garage in one of them, and of a precipitous drop from the driveway to the walk in the other. In our case there is no such evidence. On the contrary the evidence shows a gradual inclination from the curbline to the inner edge of the pavement, and the sides of the drive are described as sloped. We are of the opinion that the evidence did not show such a condition in the surface of the street to require the court to submit to the jury the question of the municipality's negligence.

Judgment affirmed.