## Foster et ux., Appellants, *v.* West View Borough et al.

Argued October 6, 1937. Before KEPHART, C. J., SCHAFFER, MAXEY, DREW, LINN, STERN and BARNES, JJ.

*Arnold M. Replogle,* for appellants.

*H. M. Montgomery,* for appellee, was not heard.

*James M. Graham,* with him *Patterson, Crawford, Arensberg & Dunn,* for additional defendant, appellee.

OPINION BY MR. JUSTICE BARNES, November 22, 1937:

This is an appeal by plaintiffs from the refusal of the court below to take off a compulsory nonsuit.

The wife plaintiff, Mary Ida Foster, was injured by a fall from the sidewalk in front of premises 444 Perrys-

ville Avenue (also known as Perry Highway) in the Borough of West View, Allegheny County. The accident happened on September 25, 1935, about nine-thirty o'clock in the evening. It was dark at the time, but visibility was not affected by rain or mist. The plaintiff, with a companion, had left her home, No. 501 Perrysville Avenue, and walked south on the avenue for some distance, past the premises where the accident occurred. They then turned and were retracing their steps toward home, walking on the sidewalk, the plaintiff being next to the curb.

Extending along Perrysville Avenue and in front of the premises in question, was a concrete sidewalk four feet in width, with an unpaved strip or plot of ground two feet wide, between the sidewalk and the curb. The surface of this unpaved strip was rough and irregular. It was lower than the paved sidewalk, varying from two to four inches below the level thereof at the place of the accident. There were no holes in the unpaved portion, or defects in the paved part of the sidewalk, according to the testimony.

When plaintiff reached a point close to the private walk or entrance to 444 Perrysville Avenue, a child approached the sidewalk from the house. As Mrs. Foster and her companion were occupying the full width of the concrete sidewalk, in order to make room for the child to pass, the former stepped from the paved to the unpaved portion of the sidewalk, and almost immediately fell to the ground, sustaining the injuries for which damages are here claimed. Plaintiff did not testify as to the cause of her fall except to state that the unpaved plot was several inches below the level of the paved sidewalk.

Although it was dark at the time, the outlines of the sidewalk and the unpaved strip between it and the curb were made visible by a street light some thirty-five to forty feet away. The testimony discloses that the unpaved plot had been in the same general condition at this place for several years, and plaintiff, having lived

in the neighborhood about five years and frequently having passed the place, was familiar with the physical conditions there prevailing.

The additional defendants were made parties to the action by writs of scire facias which the defendant borough caused to be issued. At the close of plaintiffs' case a compulsory nonsuit was entered, which the court in banc refused to take off.

The question on this appeal is whether, under all the facts, the evidence was sufficient to permit the jury to find that the borough maintained the sidewalk at the place of accident in such negligent condition as to cause the injury. It is unnecessary to consider whether the wife plaintiff was contributorily negligent until it has been established first that the defendant borough was itself at fault.

The general rule with respect to cases of this character has been stated recently in *Burns v. City of Pittsburgh,* 320 Pa. 92, where we said (p. 94) : "The city had the duty of maintaining its streets in a reasonably safe condition for travel; and, to enable plaintiff to recover, he must establish a breach of that duty which caused his injury. Proof of injury alone, without more, or of the existence of the negligent condition without showing that it caused the injury complained of, is insufficient to establish a case of liability: *Erbe v. P. R. T. Co.,* 256 Pa. 567, 570; *Beck v. Germantown Cricket Club,* 37 Pa. Super. Ct. 521; *Menzies v. Interstate Paving Co.,* 94 N. Y. Supp. 492."

Plaintiffs contend that the maintenance by the borough of the unpaved two feet wide strip at a level two to four inches lower than the paved portion was negligence. They refer to the unpaved strip as a "trench," a "ditch" or a "hole." Beyond describing the physical conditions of the place of accident, they have introduced no evidence tending to establish its dangerous character, upon which to submit to the jury the question whether

defendant breached its duty to provide a reasonably safe way for pedestrians traveling along this sidewalk.

As we have seen, the borough provided a paved walk adequate and safe for pedestrian travel. While there was an inequality of several inches between the concrete walk and the unpaved strip of ground, there is no evidence that the latter was unsafe for passage, although its surface may have been rough and irregular. The plaintiff was familiar with the conditions of travel there for several years, and was bound to take into consideration the lower level when stepping onto the unpaved plot. There was no failure of the borough to provide sufficient illumination, as it appears that on the evening in question the plaintiff was able to see distinctly the pavement on which she was walking, the unpaved strip and the curb, as well as the private entrance to the adjoining property. The unpaved strip of ground was clearly within the field of her vision as she walked south on the avenue, and then again as she returned in the direction of her home.

The testimony of Harry J. Englert, a photographer called by the plaintiffs to describe the character of the unpaved strip, and to identify the photographs which he took, does not sustain the assertion that the strip was a "ditch" or a "trench," or in any way dangerous. While Englert testified, and the photographs indicate, that the strip in question is depressed some three or four inches below the concrete sidewalk, he was unable to point to any holes, or other conditions of danger there present.

No testimony was offered as to the cause of plaintiff's fall, nor as to a particular condition in the strip of ground that might have contributed to the accident. On cross-examination, in answer to a request for an explanation how the accident happened, plaintiff admitted her inability to give one, stating: "Well, I can't, no. I just simply stepped in that trench and it threw me to the right side." This was not sufficient evidence to charge the defendant with negligence, for as we pointed

out in *Burns v. City of Pittsburgh,* supra (p. 94):
"From the evidence it cannot be determined with reason-
able certainty either the cause of plaintiff's fall or
whether the cause showed actionable misconduct on the
part of the city." In consequence a judgment of non-
suit was sustained in that case by this Court, upon the
established principle that an injured plaintiff must not
only prove negligence, but must also show that the neg-
ligence as alleged was the cause of his injuries. We
said further (p. 95): "As has been stated, 'to show the
existence of an opportunity in the condition of the street
for the happening of the injury complained of' is not
sufficient, plaintiff must also prove that the defect
caused the injury. . . ." For the same reason a non-
suit was sustained in the earlier case of *Reddington v.
City of Philadelphia,* 253 Pa. 390, Mr. Justice MESTRE-
ZAT saying (p. 393): "The case, therefore, is barren of
any testimony to sustain the averment in the statement
that the negligence of the defendant was the cause of the
injuries of which the plaintiff complains and for which
she seeks to recover damages in this case. . . . There
are no facts disclosed by the testimony which would
warrant the jury in finding what caused the plaintiff to
fall. The jury cannot be permitted to find that because
there was a depression in the pavement it caused her to
fall." See also *Stern v. Reading,* 255 Pa. 96.*

In the light of these principles, and viewing the evi-
dence most favorably to the plaintiff, as we are required
to do in an appeal from a judgment of nonsuit, we are
convinced that there was no evidence upon which the
jury could base a finding that the injuries which the

---

* See *Guinter v. Williamsport,* 208 Pa. 587; *Martin v. Williams-
port,* 208 Pa. 590; *Dress v. Harrisburg,* 287 Pa. 157, for cases
where it is held that municipalities may maintain, or permit prop-
erty owners to maintain, for purposes of ornamentation or other-
wise, an unpaved strip between curb and pavement, similar to the
one in this case.

plaintiff received were due to negligence on the part of the defendants. We conclude that the compulsory non-suit here entered was proper.

Judgment affirmed.