Davis, Appellant, *v.* Potter et al.

486

Argued November 27, 1940.   Before SCHAFFER, C. J.,
MAXEY, DREW, LINN, STERN and PATTERSON, JJ.

*David Friedman,* for appellant.

*Harold Scott Baile, Francis F. Burch,* City Solicitor,
*John J. K. Caskie* and *James Francis Ryan,* Assistant
City Solicitors, *Pepper, Bodine, Stokes & Schoch, George
H. Blewett* and *Joseph S. Kleinbard,* for appellees, were
not heard.

OPINION BY MR. JUSTICE STERN, January 6, 1941:
On the south sidewalk of Federal Street, in the City
of Philadelphia, beginning a foot or two east of Fifth
Street and extending east about thirteen feet and from
the houseline north about four feet, there was a general
elevation in the pavement of from $3/4$ of an inch to $1\frac{1}{8}$
inches, bordered by a flat strip or rim of iron.  This
area originally had been the site of a grating over a
light well, but was later paved with cement.

On November 25, 1938, the sidewalk was covered with
snow and ice as the result of a heavy storm and freezing
weather.   Plaintiff, walking across the pavement, fell
and sustained injuries, and brought the present suit
against the property owners and the City of Philadel-
phia to recover damages.   The learned trial judge gave
binding instructions for defendants.

Plaintiff described the accident as follows: "My foot went down an incline, and I fell. . . . My right foot went down the incline. . . ." Asked, "Are you sure you didn't fall or stumble over anything?" she answered, "No." She testified: "My foot . . . just went off like a slant." From this it is obvious that plaintiff slipped on the ice and snow. She does not contend that defendants were negligent in not having cleaned the pavement, as the snow had ceased falling only about an hour before the accident. What she complains of is the slight elevation of part of the sidewalk, but she did not stumble or trip over it and whether it was actually the cause of her fall is far from clear. Negligence is not a ground of recovery unless a causative factor of the accident: *Reddington v. City of Philadelphia*, 253 Pa. 390, 98 A. 601; *Stern v. Reading*, 255 Pa. 96, 99 A. 367; *Burns v. City of Pittsburgh*, 320 Pa. 92, 181 A. 487; *Foster v. West View Borough*, 328 Pa. 368, 195 A. 82.

There is another reason why plaintiff cannot recover. The alleged defect was so trifling that it did not impose liability upon either the property owners or the city. Their duty was to maintain the pavement in a condition of reasonable safety, not to insure pedestrians traversing it against any and all accidents. An elevation, depression or irregularity in a sidewalk may be so trivial that the court, as a matter of law, is bound to hold that there was no negligence in permitting it to exist. Illustrations of the application of this principle are to be found in such cases as: *Mason v. Philadelphia*, 205 Pa. 177, 54 A. 773; *Purcell v. Riebe*, 227 Pa. 503, 76 A. 212; *Newell v. Pittsburgh*, 279 Pa. 202, 123 A. 768; *Burns v. City of Pittsburgh*, 320 Pa. 92, 181 A. 487; *McGlinn v. Philadelphia*, 322 Pa. 478, 186 A. 747; *Hammer v. City of Philadelphia*, 104 Pa. Superior Ct. 119, 158 A. 659; *German v. McKeesport City*, 137 Pa. Superior Ct. 41, 8 A. 2d 437. In the present case the elevation was of a nature not uncommon in the city, and its significance as a likely source of danger was lessened rather

than heightened by the fact that it was covered at the time of the accident by two or more inches of snow and a sheeting of ice, since these converted the otherwise abrupt rise of approximately an inch into a gradual and practically negligible "incline."

Judgment affirmed.