Van Ormer et al., Appellants, *v*. Pittsburgh et al.

Argued March 25, 1943. Before MAXEY, C. J.; DREW, LINN, STERN, PATTERSON, PARKER and STEARNE, JJ.

*Coleman Harrison,* for appellants.

*Harry Savage,* Assistant City Solicitor, with him *Anne X. Alpern,* City Solicitor, *James R. Orr,* and *Reed, Smith, Shaw & McClay,* for appellees.

OPINION BY MR. JUSTICE DREW, April 19, 1943:

Plaintiffs appeal from an order of the court below refusing to take off a compulsory nonsuit and the entry of judgment for defendants in an action of trespass against the City of Pittsburgh for damages for the alleged maintenance of a sidewalk in a defective condition. The property owner was joined as additional defendant. The sidewalk in front of his premises had become worn so that a depression in the paving stones existed which was slightly over an inch deep at the lowest part and extended with lessening depth to the edges of the five-foot walk. Wife plaintiff slipped on ice which had accumulated in

this hollow space and which was covered with. slush on the day of the accident. No assertion is made that defendants were negligent in failing to clean the pavement, it having ceased snowing but shortly before the accident, the negligence charged being the maintenance of a defective condition in the sidewalk.

Slight irregularities in the surface of sidewalks, such as that present in the instant case, are unavoidable in a city, and are so common as not to constitute any undue hazard to pedestrians. It is well settled that imperfections of so trivial a nature do not impose liability upon either the property owners or the city: *Davis v. Potter,* 340 Pa. 485; *McGlinn v. Philadelphia,* 322 Pa. 478; *Burns v. City of Pittsburgh,* 320 Pa. 92; *German v. McKeesport City,* 137 Pa. Superior Ct. 41. In the first-cited case, which is almost identical in its facts with the instant case, the plaintiff slipped on ice which had collected on the sidewalk in a depression one inch deep caused by unevenness in the surface of the paving, and we said in affirming a directed verdict in favor of defendants (p. 487): "Their [the property owners and the city] duty was to maintain the pavement in a condition of reasonable safety, not to insure pedestrians traversing it against any and all accidents. An elevation, depression or irregularity in a sidewalk may be so trivial that the court, as a matter of law, is bound to hold that there was no negligence in permitting it to exist." As President Judge Keller said in *German v. McKeesport City,* supra, at page 50: "To impose a burden of liability on either municipality or property owner for an imperfection as common and usual as that relied on to create liability in this case would put an intolerable burden on the property owner and the city and encourage carelessness by pedestrians in the use of city streets."

We therefore conclude that the learned court below was correct in refusing to take off the compulsory nonsuit.

Judgments affirmed.