Harrison et vir, Appellants, *v.* Pittsburgh et al.

Argued September 24, 1945. Before MAXEY, C. J., DREW, LINN, STERN, PATTERSON, STEARNE and JONES, JJ.

*Clyde P. Bailey,* with him *Bailey & Critchfield,* for appellants.

*James G. Legnard,* Assistant City Solicitor, with him *Anne X. Alpern,* City Solicitor, for appellee, city.

*Hugh P. Sowers,* for appellee, Armstrong.

OPINION BY MR. JUSTICE ALLEN M. STEARNE, October 30, 1945:

This is an appeal from the Superior Court. The suit was an action in trespass by a husband and wife against the City of Pittsburgh and a real estate owner for damages sustained because of the wife's fall on a city sidewalk alleged to have been caused by the negligence of the defendants in failing to maintain the sidewalk in a safe condition. The jury rendered verdicts in favor of the plaintiffs, but the court below, in an opinion by Judge MARSHALL, entered judgments for defendants n. o. v. On appeal to the Superior Court the judgments were affirmed without opinion, the judges who sat at the argument being equally divided.

The question is whether the testimony established that the alleged negligence was the proximate cause of the accident.

We have read the testimony with care. In the center of the sidewalk was a sewer manhole cover. It projected slightly above the walk. While the evidence does not disclose its exact elevation, according to the husband it was approximately two inches at its highest point. On

the night of the accident the sidewalk was covered with snow and the manhole cover was not visible. The wife plaintiff testified that as she was walking along she slipped. She did not allege that she stumbled because of the elevation of the cover.

She said that where she slipped was "slick" and "I know I slipped off something higher than what the sidewalk was"; also "I didn't know what I had slipped on . . . ." As the learned court below aptly said: ". . . [she] certainly does not say that it was the depression in the pavement below the rim of the manhole which caused her fall. She makes it clear that she did not know what caused her to fall until after she had fallen and even then it is obvious from her testimony that no real inference could be drawn that it was the depression that caused her to fall. She slipped on the metal rim of the manhole and that is about all you can gather from her testimony."

The facts in this case are analogous to those in *Davis v. Potter,* 340 Pa. 485, 17 A. 2d 338, and are governed by that decision. Mr. Justice HORACE STERN said (page 487) : "What she complains of is the slight elevation of part of the sidewalk, but she did not stumble or trip over it and whether it was actually the cause of her fall is far from clear. Negligence is not a ground of recovery unless a causative factor of the accident: Reddington v. City of Philadelphia, 253 Pa. 390, 98 A. 601; Stern v. Reading, 255 Pa. 96, 99 A. 367; Burns v. City of Pittsburgh, 320 Pa. 92, 181 A. 487; Foster v. West View Borough, 328 Pa. 368, 195 A. 82." See also *Hulings v. Pittsburgh,* 150 Pa. Superior Ct. 338, 28 A. 2d 359; *Pischke v. Dormont Boro.,* 153 Pa. Superior Ct. 205, 33 A. 2d 480.

There is an additional reason why the appellants may not recover. The duty of the defendants was merely to maintain the pavement in a condition of reasonable safety, not to insure pedestrians traversing it against any and all accidents. The elevation was slight and of

a trivial nature, and consequently there was no negligence in permitting it to exist. See: *Burns v. City of Pittsburgh*, 320 Pa. 92, 181 A. 487; *McGlinn v. Philadelphia*, 322 Pa. 478, 186 A. 747; *Davis v. Potter*, supra; *Van Ormer v. Pittsburgh*, 347 Pa. 115, 31 A. 2d 503; *German v. McKeesport City*, 137 Pa. Superior Ct. 41, 8 A. 2d 437.

Judgments affirmed.