Freund, Appellant, *v.* Hyman.

Argued January 6, 1954. Before STERN, C. J., STEARNE, JONES, BELL, CHIDSEY, MUSMANNO and ARNOLD, JJ.

*K. L. Shirk, Sr.,* with him *Shirk & Shirk,* for appellant.

*John L. Hamaker,* with him *F. Lyman Windolph, Ralph M. Barley* and *Paul A. Mueller,* for appellees.

OPINION BY MR. JUSTICE BELL, March 24, 1954:

Mrs. Freund brought an action of trespass against the defendants for injuries resulting from a fall on the pavement of the defendant, Hyman, on Locust Street, Ephrata, at 1 o'clock in the afternoon of August 22,

**36**

1951. She appealed from the order of nonsuit entered against her by the Court below.

She was walking on the pavement along Locust Street about a foot behind Mrs. Frank and talking with her. The day was clear. Plaintiff's pertinent testimony was as follows: "Q. I show you 'C.P. No. 1' [a photograph] and ask whether that shows the pavement along Locust Street that you were walking along with Mrs. Frank? A. Yes. Q. As you were walking along Locust Street just tell the Court and Jury what happened. A. I was walking with Mrs. Frank— . . . THE WITNESS: I was walking with Mrs. Frank, and at the factory on Locust Street—Q. At the factory on Locust Street? A. At the factory on Locust Street I fell, and I fell, and— . . . Q. Is, or not, the factory the building that is shown on this picture, 'C.P. No. 1'? A. Yes, that is a house. Q. That is a house? A. That is a house. Q. And where did you fall? A. I fall on this step near the tree, and I fall forward. Q. You fell on this step near the tree? A. Very close to the tree. Q. Where it shows the difference between the blocks? A. Down. Q. And you fell down? A. Down. Q. Toward the direction you were walking? A. The direction I was walking. Q. And what happened as you fell? A. I—it hurt very much first, . . ."

Mrs. Frank did not see Mrs. Freund fall, but suddenly heard an outcry and saw Mrs. Freund lying on the pavement facing in the direction they were walking. She was lying on the pavement very close to the tree. The photograph shows that a block of the pavement was slightly raised or the other block slightly lowered and that there were two steps very nearby at the factory door. The "step" near the tree which plaintiff mentioned might have referred to either, but we believe she meant the raised block. *There was not a scintilla of evidence to show how long this difference*

*in elevation had existed;* there was no evidence that plaintiff was looking where she was going, or why she could not see the difference in elevation in broad daylight if she had been looking; but most important of all, *there was no evidence that this elevation caused her fall.* She merely said she fell on this step near the tree. There is no evidence whether she turned her ankle or slipped or stumbled or tripped, or what caused her to fall.

It is hornbook law that, as stated in *Lanni v. P.R.R.,* 371 Pa. 106, 109, 110, 88 A. 2d 887: " 'The mere happening of an accident is no evidence of negligence. . . . Plaintiff has the two-fold burden of proving that the defendant was negligent and that his negligence was the proximate cause of the accident: . . .' . . . A jury is not permitted, however, to speculate or guess; conjecture, guess or suspicion do not amount to proof: DeReeder v. Travelers Insurance Co., 329 Pa. 328, 198 A. 45; Sharble v. Kuehnle-Wilson, Inc., 359 Pa. 494, 59 A. 2d 58. . . . Plaintiff had the burden of proving a defect or unsafe condition and that defendant had actual or constructive notice thereof."

There was no evidence of either actual or constructive notice. The only evidence of a dangerous condition in the sidewalk appears from the photograph. Taken at an undisclosed angle, it shows an elevation of one block of the sidewalk of about an inch. Assuming that this could constitute a dangerous condition, there was no evidence that plaintiff tripped or stumbled over it and since she was going with the grade there was no evidence that she fell over it or that she actually fell at that spot or that that elevation was the cause of her fall. For all the evidence shows, she may have turned her ankle or fallen or stumbled for some unknown reason at or near this elevation. She therefore failed to make out a prima facie case. . .

While no authority for such an obvious conclusion is necessary, there is an authority directly in point in *Harrison v. Pittsburgh*, 353 Pa. 22, 44 A. 2d 273. In that case plaintiff slipped off a sewer manhole cover in the middle of the pavement which extended approximately 2 inches above the pavement. The judgment non obstante veredicto was sustained on two points: (1) that the evidence was not sufficient to show negligence, and (2) that plaintiff's evidence did not show that the elevation was the cause of her fall. The Court said (pages 24-25; 24): "The elevation was slight and of a trivial nature, and consequently there was no negligence in permitting it to exist. See: Burns v. City of Pittsburgh, 320 Pa. 92, 181 A. 487; McGlinn v. Philadelphia, 322 Pa. 478, 186 A. 747; Davis v. Potter, supra; Van Ormer v. Pittsburgh, 347 Pa. 115, 31 A. 2d 503; German v. McKeesport City, 137 Pa. Superior Ct. 41, 8 A. 2d 437. . . The facts in this case are analogous to those in Davis v. Potter, 340 Pa. 485, 17 A. 2d 338, and are governed by that decision. Mr. Justice HORACE STERN said (page 487): 'What she complains of is the slight elevation of part of the sidewalk, but she did not stumble or trip over it and whether it was actually the cause of her fall is far from clear. Negligence is not a ground of recovery unless a causative factor of the accident: Reddington v. City of Philadelphia, 253 Pa. 390, 98 A. 601; Stern v. Reading, 255 Pa. 96, 99 A. 367; Burns v. City of Pittsburgh, 320 Pa. 92, 181 A. 487; Foster v. West View Borough, 328 Pa. 368, 195 A. 82.' "

We need not decide whether an elevation of a sidewalk block approximately one inch above its adjoining block may establish a dangerous condition sufficient (with other essentials) to constitute negligence, since in this case plaintiff failed to prove that this elevation was the cause of her fall. The language of the

opinion in *Harrison v. Pittsburgh*, 353 Pa., supra, quoting from *Davis v. Potter*, 340 Pa. 485, is equally applicable in the instant case.

For these reasons it is unnecessary to discuss the question of contributory negligence.

Order affirmed.

DISSENTING OPINION BY MR. JUSTICE MUSMANNO:

No adage has more readily and acceptably passed into current usage than the one which says that a picture is worth a thousand words. The photograph introduced in this case reveals the sidewalk on Locust Street in Ephrata to be made up of concrete slabs some 3 or 4 feet square. At a point adjacent to the trunk of a tree, one of the blocks stands at an elevation of an inch or two above the neighboring one to which it should have been laterally joined for a continuous smoothly walking surface. The pavement follows the gentle slope of the contour of the land and the plaintiff was proceeding from the higher end of the grade to the lower end. One walking in the opposite direction would have seen at once that the offending slab sat on an elevation a couple of inches above the lower slab. Mrs. Freund, however, advancing from the higher level to the lower level could very easily have been deceived by the appearance of the pavement because the drop from one slab to the next was not extreme enough to catch the normal eye of a pedestrian and yet it was deep enough to throw one off one's balance.

Here we have that situation which so often confronts the most conscientious judge in a courtroom. Should he or should he not on these facts allow the charge of negligence to go to a jury? I am of the opinion that the question was one peculiarly and classically one for a jury to pass upon.

The question narrowed down to this: Was the difference in grade of sufficient depth to constitute a danger and was that difference in grade, at the same time, still not so extreme that it could deceive a pedestrian, thus creating a snare for his unwary feet? We know that we are more apt to detect a fault in a stairway when we are ascending than when we are descending. Careful as we may be, we must take the steps going down a normal looking stairway a great deal on faith because the fall of body weight has often gone too far beyond voluntary control for us to arrest it in the event we should see at the last moment that a tread is out of place, broken or unstable.

The plaintiff in this case, Mrs. Freund, had never trodden this pavement before. She was walking with her host and friend, a Mrs. Barbara Frank who preceded her by a step or two. Mrs. Frank knew the pavement well and, in fact, lived on the same street. Mrs. Freund, the plaintiff, lived in New York and was in the town of Ephrata on her first visit.

The majority opinion points out that there was no evidence to show how long the difference in elevation existed. Here again the picture speaks a thousand words. It reveals that kind of a solid firm posture in the elevated slab which could not come from a recent displacement. The poet finds:

". . . tongues in trees, books
in the running brooks,
Sermons in stones and good·
in everything."

Allowing for extreme poetic license in the last phrase of finding "good in everything," we must agree that stones can tell their own story not only in geological narrative but in contemporary history. I believe that the average juror looking at the picture here in evidence would have no difficulty in concluding that the

sturdiness, solidity and stance of the stone would indicate that it had been in that position for months at least.

While it is true, as we said in *Davis v. Potter*, 340 Pa. 485, 487, that "An elevation, depression or irregularity in a sidewalk may be so trivial that the court, as a matter of law, is bound to hold that there was no negligence in permitting it to exist," yet, as was sagely observed by the Superior Court in *Kuntz v. Pittsburgh*, 123 Pa. Superior Ct. 394, 401, "there is a shadow zone where such question must be submitted to a jury whose duty it is to take into account all the circumstances. To hold otherwise would result in the court ultimately fixing the dividing line to the fraction of an inch, a result which is absurd."

I believe that the facts in this case come within that shadow zone and that they should have been submitted to a jury which would have drawn them out into the full daylight of responsibility or non-responsibility on the part of the defendants.