**Theresa Favoroso KELLY, Appellant**

v.

**ST. MARY HOSPITAL and Hill–Rom Co., Inc., a Subsidiary of Hillenbrand Industries, Inc., Appellees.**

Superior Court of Pennsylvania.

Argued May 15, 2001.

Filed June 14, 2001.

James P. McEvilly, Feasterville, for appellant.

Donald J. Brooks, Philadelphia, for appellee.

---

\* Retired Justice assigned to the Superior Court.

 Justice Montemuro did not participate in the decision of this matter.

1. Appellant also instituted suit against Hill–Rom Co., the manufacturer of the bed. By

Before DEL SOLE, President Judge, MONTEMURO \* and KELLY, JJ.

DEL SOLE, President Judge:

¶ 1 Appellant, Theresa Favoroso Kelly, appeals from the entry of judgment after her motion for post-trial relief was denied. Upon review, we affirm.

¶ 2 In March of 1991, Appellant was a patient at St. Mary Hospital in Langhorne, Pennsylvania. Appellant contends that she was injured when, on three separate occasions, the bed rail fell and struck her wrist while she attempted to manipulate the controls on the bed she occupied. Appellant instituted suit against St. Mary Hospital.[1] Appellant's suit was based on theories of negligence. Specifically, Appellant maintained that the St. Mary staff was negligent for improperly maintaining the hospital bed and failing to move her to another bed when she complained.

¶ 3 The case proceeded to trial and, after Appellant had presented her case in chief, Appellee moved for a compulsory nonsuit. The trial court granted the compulsory nonsuit because it concluded that Appellant had failed to set forth a *prima facie* case. Appellant filed a motion for post-trial relief seeking removal of the nonsuit. Appellant's motion was denied. This appeal followed.

¶ 4 On appeal, Appellant presents the following issues:

1. Was the entering of a compulsory non-suit based on a lack of evidence improper in light of the evidence that Plaintiff did present and attempted to present at trial on liability in this negligence action against St. Mary Hospital?

Order dated November 19, 1999, the Court entered summary judgment in favor of Hill–Rom Co. Appellant has not appealed that ruling in the instant appeal.

2. Is Plaintiff entitled to removal of the non-suit based upon the Court's error in refusing Plaintiff to call Dale McElhone of St. Mary Hospital as a witness on cross-examination, at trial despite the fact that he had exclusive knowledge of evidence crucial to Plaintiff's case?

3. Is Plaintiff entitled to a removal of the non-suit based upon the Court's error in refusing to permit Plaintiff to call Robert Benowitz as a witness at trial despite the fact that he had expert evidence to offer in support of Plaintiff's case?

4. Is the grant of a non-suit improper once the Defendant has offered evidence?

5. Is Plaintiff entitled to removal of the non-suit based upon the Court's error of refusing to apply the doctrine of Res Ipsa Loquitor in this case?

Appellant's Brief at 3–4.

 ¶ 5 Our scope and standard of review when determining the propriety of an entry of nonsuit is well settled:

A motion for compulsory non-suit allows a defendant to test the sufficiency of a plaintiffs' evidence and may be entered only in cases where it is clear that the plaintiff has not established a cause of action; in making this determination, the plaintiff must be given the benefit of all reasonable inferences arising from the evidence. When so viewed, a non-suit is properly entered if the plaintiff has not introduced sufficient evidence to establish the necessary elements to maintain a cause of action; it is the duty of the trial court to make this determination prior to the submission of the case to the jury. When this Court reviews the grant of a non-suit, we must resolve all conflicts in the evidence in favor of the party against whom the non-suit was entered.

*Poleri v. Salkind,* 453 Pa.Super. 159, 683 A.2d 649, 653 (1996), *appeal denied,* 548

Pa. 672, 698 A.2d 595 (1997) (internal citations omitted). "A compulsory nonsuit is proper only where the facts and circumstances compel the conclusion that the defendants are not liable upon the cause of action pleaded by the plaintiff." *Id. See also Reider v. Martin,* 359 Pa.Super. 586, 519 A.2d 507, 509 (1987), *appeal denied,* 517 Pa. 594, 535 A.2d 83 (1987).

 ¶ 6 In order to establish a claim of negligence the plaintiff has the burden of proving four elements: 1) a duty or obligation recognized by law; 2) a breach of that duty; 3) a causal connection between the conduct and the resulting injury; and 4) actual damages. *Pittsburgh National Bank v. Perr,* 431 Pa.Super. 580, 637 A.2d 334, 336 (1994). In finding that Appellant failed to establish a *prima facie* case of negligence the trial court stated:

Because Plaintiff failed to adduce any evidence whatsoever that St. Mary Hospital was using unsafe or defective equipment or that the hospital staff breached the applicable standard of care, her claims necessarily failed.

Trial Court Opinion, 12/11/00, at 18.

 ¶ 7 The record supports the decision of the trial court. Appellant failed to establish the elements necessary to a claim of negligence in her case in chief. Thus, the trial court properly granted the Appellee's motion for compulsory nonsuit.

¶ 8 Appellant next insists that she is entitled to removal of the nonsuit because the trial court erred in refusing to allow her to call Dale McElhone as a witness. Appellant asserts that McElhone possessed exclusive knowledge of evidence crucial to her case. McElhone was to testify regarding the record keeping practices of the hospital when maintenance requisitions were requested by the nursing staff. Appellant's Brief at 10.

¶ 9 Appellant filed a Rule 1925(b) statement as directed by the trial court. Appellant's Rule 1925(b) statement referred the trial court to Appellant's motion for post-trial relief, and stated that she was seeking on appeal the same relief requested in that motion. The trial court chose to address the issues raised in the motion for post-trial relief as the issues on appeal in drafting their Rule 1925(a) opinion. The issue regarding the court's failure to allow McElhone to testify was not raised in Appellant's motion for post-trial relief and was not addressed by the trial court.[2]

¶ 10 Appellant also maintains that the trial court erred in refusing to allow Robert Benowitz to testify on Appellant's behalf and this error entitles her to removal of the nonsuit. Appellant contends that Benowitz was an expert and would provide an opinion that would support Appellant's case.

¶ 11 The trial court conducted an *in camera* examination of Benowitz and the testimony he was to offer at trial. Benowitz informed the court that his expert opinion was based on facts providing that the control device for the bed was located inside the bed rail. When asked whether his opinion would be affected if he was told that the Appellant's hand was through the bed rail while she was touching the control device, Benowitz stated that it would. Benowitz stated that he did not believe that the controls could be manipulated in that manner and that he believed such action to be "physically impossible." N.T., 4/25/00, at 60–61. This opinion was at variance with Appellant's own testimony that the control panel and her left arm were outside the rail when she was struck. Benowitz, if he were to testify, would have testified to facts outside the record. An expert cannot base

an opinion on facts which are not warranted by the record. *See Collins v. Hand,* 431 Pa. 378, 246 A.2d 398, 404 (1968). Accordingly, the trial court properly precluded Benowitz from testifying.

¶ 12 Appellant next maintains that the trial court erred in granting the nonsuit because Appellee had offered evidence. Appellant asserts that:

... St. Mary Hospital, had presented evidence in the form of pleadings entered into evidence as exhibits during the trial testimony of the Plaintiff and as to which counsel for St. Mary elicited testimony regarding the evidence in the exhibits.

Appellant's Brief at 11. Appellant asserts that Appellee offered three exhibits marked D–1, D–2 and D–3, and that Appellant was cross-examined on this evidence.

¶ 13 Review of the transcript reveals that Exhibit D–1 is the Complaint, Exhibit D–2 is the verification page of the Complaint bearing Appellant's signature and Exhibit D–3 is the Second Amended Complaint. N.T., 4/25/00, at 32–33. We need not determine whether these documents were evidence entered by Appellee, however, because the issue is waived.

¶ 14 It is axiomatic that, in order to preserve an issue for review, litigants must make timely and specific objections during trial and raise the issue in post-trial motions. *Harman ex rel. Harman v. Borah,* 562 Pa. 455, 756 A.2d 1116, 1125 (2000). At the time Appellee moved for a compulsory nonsuit, Appellant responded to the motion but made no objection on this basis, thereby waiving the issue. *See Hong v. Pelagatti,* 765 A.2d 1117 (Pa.Super.2000). Furthermore, this issue was not raised in

---

**2.** We note that Appellant addressed this issue in her Memorandum of Law in Support of Motions for Post–Trial Relief. The failure to

raise an issue in post-trial motions, however, results in the waiver of the issue on appeal.

Appellant's motion for post-trial relief and the trial court noted in its opinion that the issue is waived. Trial Court Opinion, 12/11/00, at 7.

 ¶ 15 Finally, Appellant asserts that she is entitled to removal of the nonsuit because the trial court erred in refusing to apply the doctrine of *res ipsa loquitur* in this case. The trial court determined that this issue was also waived. We agree.

¶ 16 The doctrine of *res ipsa loquitur* was not a theory of liability Appellant pursued throughout the case and during trial. In fact, Appellant's counsel stipulated at trial, after the court precluded testimony from his liability expert, that the only theory he was pursuing was the failure to transfer issue. Appellant raised the *res ipsa loquitur* theory of liability for the first time after Appellee moved for the compulsory nonsuit. We agree with the trial court that Appellant cannot "... after the fact inject into this case an entirely new theory." Trial Court Opinion, 12/11/00, at 6.

 ¶ 17 Furthermore, the doctrine of *res ipsa loquitur* requires the following:
1) the event is of the kind which ordinarily does not occur in the absence of negligence;
2) other responsible causes, including conduct of the plaintiff and third persons, are sufficiently eliminated by the evidence; and
3) the indicated negligence is within the scope of the defendant's duty to the plaintiff.

*Hightower–Warren v. Silk,* 548 Pa. 459, 698 A.2d 52, 54 (1997). The doctrine of *res ipsa loquitur* is inapplicable in this case. Appellant failed to present evidence that this event was of a kind which ordinarily does not occur in the absence of negligence or that the alleged negligence was within the scope of the Appellee's duty to Appellant. Moreover, in this case the Appellant

had control over the hospital bed at the time the incident occurred. Absent any evidence by Appellant to the contrary, it cannot be reasonably concluded that the conduct of the Appellant was not a possible cause of the injury. As such, the trial court did not err in refusing to apply the liability doctrine of *res ipsa loquitur.*

¶ 18 Judgment affirmed.