J-S12018-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| JAMES HELDRING, INDIVIDUALLY AND ON BEHALF OF PENCOYD IRON WORKS, INC. | : : : : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | : : : : | |
| v. | : : | |
| | : | No. 1149 EDA 2023 |
| LUNDY, BELDECOS, & MILBY, P.C. AND ERIC C. MILBY, INDIVIDUALLY | : : : | |

Appeal from the Order Entered April 18, 2023
In the Court of Common Pleas of Philadelphia County Civil Division at
No(s):  150502532

BEFORE:  DUBOW, J., SULLIVAN, J., and BENDER, P.J.E.

MEMORANDUM BY DUBOW, J.:                    **FILED OCTOBER 9, 2024**

Appellant, Pencoyd Iron Works, Inc., appeals from the April 18, 2023 order denying its motion to remove the March 7, 2023 nonsuit entered in favor of Appellees, Lundy, Beldecos & Milby, P.C. and Eric C. Milby, individually ("Attorney Milby") (collectively, "Appellees"), in this legal malpractice action. Appellant challenges the denial of its motion to remove nonsuit and certain evidentiary rulings.  After careful review, we affirm.[1]

The relevant facts and procedural history, as gleaned from the certified record, including an opinion from a prior panel of this Court, are as follows.

---

[1] The case caption appearing on the notice of appeal in this matter reflects Pencoyd Iron Works, Inc. as the only plaintiff.  However, the caption as reflected in the trial court's docket indicates that case is properly captioned as "James Heldring, individually and on behalf of Pencoyd Iron Works, Inc."  We have amended the Superior Court case caption accordingly.

**The Underlying Lawsuit**

In 2005, Appellant entered into a contract with Axis Construction Services, LLC ("Axis") to perform structural steel fabrication and to install rails, stairs, and lintels at a building owned by 1101 Washington Associates, L.P. ("Washington Associates"). When Axis failed to make timely payments on the contract, Appellant stopped work on the project.

Appellant resumed work on the project after David Grasso, who Appellant identified in the amended complaint filed in the underlying lawsuit as "President of Grasso Holdings Acquisitions, LLC doing business as Grasso Holdings, principal of GH Property Services, Inc. and a partner of [Washington Associates]," promised to pay Appellant and the other subcontractors and arranged for additional project financing. GH Property Services, Inc. ("GH Property") took over day-to-day management of the project. When the project was eventually completed, Appellant claimed it still had not received payment of $130,953.50, the balance due for its work.

To collect the outstanding balance, on August 21, 2009, Appellant, through its president, James Heldring, retained Attorney Milby, of the law firm now known as Lundy, Beldecos, & Milby, P.C. The retention letter stated that Attorney Milby would engage in "proceedings to collect monies owed to [Appellant]."

Attorney Milby filed a collection action on behalf of Appellant in the Court of Common Pleas of Philadelphia County. The named defendants included Axis and an entity identified in the caption of the complaint as "Grasso

Holdings" and in the body of the complaint as "Grasso Holdings Acquisitions, LLC." The complaint did not name as defendants David Grasso, GH Property, or any other entity owned or operated by David Grasso.

During the course of the proceedings, the trial court entered summary judgment in favor of Axis. Following a bench trial, the trial court found in favor of Appellant and against Grasso Holdings in the amount of $130,950.00 and made numerous findings of fact regarding the extensive intermingling of Grasson Holdings' business with the other Grasso Entities. ***See Heldring v. Lundy Beldecos & Milby, P.C.***, 151 A.3d 634, 637-38 (Pa. Super. 2016).

The court initially entered its finding against "David Grasso Holdings." It later amended the finding to be against "Grasso Holdings." Grasso Holdings Acquisitions, LLC, filed an appeal to this Court, which we dismissed on November 20, 2012, because no post-trial motion had been filed.

On May 17, 2013, Attorney Milby, on behalf of Appellant, filed a *praecipe* for entry of judgment against "Grasso Holdings." According to Appellant, when Attorney Milby took David Grasso's deposition during the collection proceedings, he realized that "Grasso Holdings" is a mere trade name and not a legal entity. Attorney Milby then tried to amend the judgment by filing a motion for "clarification" that asked that the judgment apply to the following Grasso affiliates: GH Property Services; GH Realty Services LLC, GH Realty, LLC, GH Property Management, LLC, GH Management, and Metro Development Real Estate Fund, L.P. The trial court denied the motion for clarification.

- 3 -

**The Current Litigation**

On May 21, 2015, "James Heldring, individually and on behalf of Pencoyd Iron Works, Inc.," commenced this action by writ of summons against Appellees seeking, in counts alleging negligence and breach of contract, damages for legal malpractice and unjust enrichment. In an amended complaint, Mr. Heldring and Appellant alleged that Appellees "were negligent and careless in their pre-litigation investigation and due diligence because they did not name the correct Grasso entity or any of the various legal entities owned or controlled by David Grasso, as 'Grasso Holdings' is a simple trade name used by several entities." Amended Complaint, 11/30/15, at ¶ 31. They averred, "[t]he correct name of the Grasso entity whom the Defendants should have sued on [Appellant's] behalf was GH Property Services, Inc." *Id.* at ¶ 33. Mr. Heldring and Appellant alleged that, by filing the complaint against "Grasso Holdings," Attorney Milby impaired their ability to collect on the judgment secured in the underlying action, stating:

> On February 7, 2013, Milby prepared and filed a praecipe for Judgment against the trade name "*Grasso Holdings*". Judgment against a trade name is problematic from a post-crash judgment and enforcement standpoint, and a Pennsylvania lawyer, exercising ordinary skill and knowledge, would not expect there to be any assets titled to the name "*Grasso Holdings*".

*Id.* at ¶ 39 (emphasis in original). They asserted that, as a result, "[Appellant] has been unable to collect even a single dollar from the worthless judgment obtained." *Id.* at ¶ 58.

Preliminary Objections

In response to the amended complaint, Appellees filed preliminary objections in the nature of a demurrer.  They asserted that, as "it has already been judicially establish[ed] that [Appellees] sued the correct party in the Underlying Matter, [Appellees] cannot be deemed to have breached a duty of care owed to [Appellant]."  Preliminary Objections, 12/1/15, at ¶ 30.  They sought dismissal of the unjust enrichment claim "because the parties' relationship arises from an actual contractual agreement," *id.* at ¶ 45, and asserted that Mr. Heldring could not recover because he was not a party to the contract for retention of their legal services, *id.* at ¶ 7-9, 13.

On January 13, 2016, the trial court sustained Appellees' preliminary objections and dismissed Appellant's amended complaint.  The court explained that because Appellant prevailed in the underlying lawsuit when Appellees successfully obtained a judgment in Appellant's favor, Appellant did not suffer actual losses as required to prevail in a legal malpractice action.  *Heldring*, 151 A.3d at 640 (citing Trial Ct. Order, 1/13/16, at 1-2 n.1).  The trial court further held that, because it had already concluded that Grasso Holdings is liable to Appellant, Appellant is not entitled to re-litigate the matter in order to recover from a more solvent party.  *Id.*  Appellant appealed the trial court's order.

On November 28, 2016, this Court reversed the order of the trial court sustaining Appellees' preliminary objections and dismissing Appellant's complaint. *Id.* at 645.  We concluded that "upon proper proof, failure to sue the correct party may be a viable basis for a legal malpractice cause of action

- 5 -

and that [Appellant] should have been permitted to proceed on that theory."[2]

*Id.* at 642. This Court determined that, "[t]he parties have identified material disputes about several elements of [Appellant's] malpractice claim, including whether the judgment against Grasso Holdings in the underlying action is truly uncollectable. These are genuine issues of material fact[, but] not reasons to hold that no cause of action may be asserted as a matter of law." *Id.* at 645.

Following remand, the case proceeded through litigation.[3] On February 16, 2019, Appellees filed a motion for summary judgment, which the trial court granted in part and denied in part on March 27, 2019.[4]

---

[2] We also concluded that Appellant was not collaterally estopped from bringing its legal malpractice claim against Appellees. *Heldring*, 151 A.3d at 645. In addition, we affirmed the dismissal of the unjust enrichment claims brought by James Heldring individually. *Id.* at 646.

[3] During this period, Appellant filed a second appeal to this Court after the trial court granted Appellees' motion for judgment on the pleadings and dismissed the case when Appellant did not timely file an answer to Appellees' new matter. On April 27, 2018, this Court issued a memorandum decision in which we found that the trial court had abused its discretion in refusing to grant Appellant's timely request to amend its answer to new matter. *Heldring v. Lundy Beldecos & Milby, P.C.*, 190 A.3d 749 (Pa. Super. 2018) (nonprecedential decision). We, thus, we reversed the trial court's order.

[4] The trial court granted the motion for summary judgment on Appellant's legal malpractice claim brought under a breach of contract theory after concluding that it was barred by the gist of the action doctrine. It denied the remainder of the motion for summary judgment, in which Appellees asserted that the statute of limitations barred Appellant's claims, because "whether or not [Appellant's] negligence claim is barred by the statute of limitations is an issue of fact that shall be determined at trial." Order, 3/27/19, at 1 n.1.

Evidentiary Rulings

Then, in preparation for trial, the parties filed several motions *in limine*. Relevantly, on February 14, 2023, Appellees filed a motion *in limine* to preclude Appellant from offering evidence or testimony for the purpose of establishing that Appellant would have prevailed against any entity other than Grasso Holdings in the underlying litigation. Appellee argued that the court should preclude this evidence because Appellant: (1) did not conduct any discovery regarding any hypothetical underlying claims against any other person or entity; and (2) has not offered any report by any expert witness opining that Appellant would have obtained a judgment against GH Property Services, Inc. or any other person or entity or that any such entities had assets sufficient to pay a judgment. On February 28, 2023, the trial court granted Appellees' motion.

That same day, Appellees also filed a motion *in limine* to preclude Appellant from claiming that Appellees sued the wrong entity in the underlying case. The motion also sought to preclude Appellant from claiming that the judgment obtained against Grasso Holdings is uncollectable because, contrary to Appellant's arguments, the judgment it obtained was collectable as, under Pennsylvania law, a judgment may be collected against an entity with a fictitious name. Appellees, thus, asserted that, even if Grasso Holdings is merely a trade name as Appellant alleged, the judgment against it is valid against it or any other entity that operated under the trade name. The trial

court denied the motion to preclude Appellant from claiming that Appellees sued the wrong entity but granted it as to the collectability of the judgment.

<u>Judgment of Nonsuit</u>

On March 6, 2023, the parties appeared for a jury trial. Prior to commencement of trial, the court heard argument on various motions for reconsideration of the court's rulings on the parties' motions *in limine*. After the court issued its rulings—which all fell in favor of Appellees—Appellees moved for a judgment of nonsuit based on Appellant's inability to satisfy the elements of a legal malpractice action. Appellees acknowledged that "based on the [court's] rulings precluding [Appellant] from putting on any evidence of suing the wrong entity or putting on collectability evidence, it appears that it would be virtually impossible for [Appellant] to carry its burden of proof." N.T. Trial, 3/6/23, at 44-45. The trial court then granted Appellees' motion for judgment of nonsuit. Appellant subsequently moved to remove the nonsuit, which the trial court denied on April 18, 2023.

This appeal followed. Both Appellant and the trial court complied with Pa.R.A.P. 1925.

Appellant raises the following issues on appeal:

1. When it granted several motions *in limine* and entered orders precluding [Appellant] from introducing evidence:

   a. that its attorney sued the wrong parties;

   b. that its attorney obtained an uncollectable judgment[;] and

   c. that [Appellant] would have prevailed in a lawsuit against other parties,

did the trial court violate the law of the case, as pronounced by this Court in a prior appeal?

2. Did the trial court, relying on its disposition of the motions *in limine*, erroneously grant a nonsuit motion and erroneously deny [Appellant's] motion to remove that nonsuit?

Appellant's Brief at 5.

**A.**

This appeal arises following the trial court's denial of Appellant's motion to remove a nonsuit. Our standard of review of an order denying a motion to remove a nonsuit is for an abuse of discretion or error of law. ***Brinich v. Jencka***, 757 A.2d 388, 402 (Pa. Super. 2000). "[A] non-suit is properly entered if the plaintiff has not introduced sufficient evidence to establish the necessary elements to maintain a cause of action; it is the duty of the trial court to make this determination prior to the submission of the case to the jury." ***Kelly v. St. Mary Hosp.***, 778 A.2d 1224, 1226 (Pa. Super. 2001 (citation omitted).

In its first issue, Appellant claims that the trial court erred making certain evidentiary rulings. Questions of admissibility lie within the trial court's sound discretion, and we will not disturb the court's decision absent a clear abuse of discretion. ***Parr v. Ford Motor Co.***, 109 A.3d 682, 690 (Pa. Super. 2014). "[A]n abuse of discretion may not be found merely because an appellate court might have reached a different conclusion, but requires a manifest unreasonableness, or partiality, prejudice, bias, or ill-will, or such lack of support so as to be clearly erroneous." ***Keystone Dedicated Logistics, LLC v. JGB Enters., Inc.***, 77 A.3d 1, 11 (Pa. Super. 2013)

(citation omitted). As with other evidentiary rulings, a trial court's decision on a motion in *limine* is subject to an abuse of discretion standard of review. ***Parr***, 109 A.3d at 690.

Appellant challenges the trial court's rulings precluding it from introducing evidence that: (1) the judgment obtained against Grasso Holdings was uncollectable while permitting Appellant to claim that Appellees sued the wrong parties in the underlying action; and (2) Appellant would have prevailed against other parties that Attorney Milby did not name as defendants in the underlying action. Appellant's Brief at 24.[5] Appellant contends that the order preventing it from presenting evidence that it would have prevailed against a different party in the underlying litigation contradicts the order permitting it to claim that Appellees sued the wrong entity. ***Id.*** Appellant also argues that these rulings violate this Court's prior ruling that "failure to sue the correct party may be a viable basis for a legal malpractice cause of action and that [Appellant] should have been permitted to proceed on that theory." ***Id.*** at 27-39 (citing ***Heldring***, 151 A.3d at 642). Stated another way, Appellant

---

[5] To the extent that Appellant also references other evidentiary rulings, including those denying Appellant's motion to preclude Appellees from presenting expert witness testimony and denying its motion to preclude Appellees from presenting lay testimony regarding the collectability of the underlying judgment, Appellant has not presented any substantive argument based on these rulings. Accordingly, Appellant has waived any challenge to these orders. ***See*** Pa.R.A.P. 2119(a); ***Commonwealth v. Hardy***, 918 A.2d 766, 771 (Pa. Super. 2007) ("[I]t is an appellant's duty to present arguments that are sufficiently developed for our review. The brief must support the claims with pertinent discussion, with references to the record and with citations to legal authorities.") (citations omitted)).

contends that because the court permitted him to, on the one hand, claim that Appellant sued the wrong entity, while on the other hand, prevented him from claiming that he could have prevailed against a different party in the underlying litigation, the court contradicted itself. The record belies these claims.

**I.**

Appellant's first claim—that the court's evidentiary rulings are contradictory—lacks merit because the motions underlying the rulings were each predicated on different grounds. One motion attacked Appellant's deficient expert report while the other attacked Appellant's attempt to ignore that a court had already determined that Grasso Holdings was responsible for payment.

Specifically, Appellees based the motion to preclude Appellant from presenting testimony or evidence to establish that Appellant would have prevailed against any entity other than Grasso Holdings on Appellant's expert's failure to identify in his expert report any actual operating entities that he believes Appellees should have sued, and obtained a judgment against, in the underlying action other than Grasso Holdings. The trial court agreed and, because Appellant had not presented evidence to support its claim that it could have obtained a judgment against anyone other than Grasso Holdings, the court precluded Appellant from claiming that it would have prevailed against any other party.

In contrast, in its motion to preclude Appellant from presenting evidence that the judgment against Grasso Holdings was not collectable, Appellees argued that the court in the underlying action had already determined that Grasso Holdings was responsible for payment of all amounts due to Appellant and that Pennsylvania law permits the collection of a judgment from an entity using a fictitious or trade name. Again, the trial court agreed and granted the motion insofar as it sought to preclude Appellant from claiming that the judgment was uncollectable. The court, however, denied the same motion insofar as Appellee sought to preclude Appellant from claiming that Appellees sued the wrong entity.

Following our review, we conclude that, contrary to Appellant's claim, the orders are not contradictory; rather, the orders address different issues raised by Appellees. Accordingly, Appellant's claim that the trial court abused its discretion in issuing these orders fails to garner relief.

**II.**

Appellant also claims that the trial court's evidentiary rulings violated the law of the case as articulated in our prior decision reversing the trial court's order sustaining Appellees' preliminary objections and dismissing Appellant's amended complaint. Appellant's Brief at 28-31 (citing **Heldring**, 151 A.3d at 643).

Generally, "[t]he law of the case doctrine refers to a family of rules which embody the concept that a court involved in the later phases of a litigated matter should not reopen questions decided by another judge of that

same court or by a higher court in the earlier phases of the matter." ***Windows v. Erie Ins. Exch.***, 161 A.3d 953, 959 (Pa. Super. 2017) (citations omitted)). "In determining whether the law of the case doctrine applies, the appellate court 'looks to where the rulings occurred in the context of the procedural posture of the case.'" ***Id.*** (quoting ***Mohney v. Am. Gen. Life Ins. Co.***, 116 A.3d 1123, 1132 (Pa. Super. 2015 ) (citation omitted)). Importantly, "the law of the case doctrine does not bar a trial court judge from ruling in the defendant's favor at or after trial on a legal issue as to which preliminary objections were previously overruled." ***Heart Care Consultants, LLC v. Albataineh***, 239 A.3d 126, 131-32 (Pa. Super. 2020).

In ***Heldring***, this Court considered, during the preliminary objections phase of this case, whether Appellant had stated a viable legal malpractice claim upon which relief could be granted. This Court found that Appellant had pleaded facts, that if proven, could support a viable legal malpractice claim.

The trial court's evidentiary rulings about which Appellant now complains in no way violate this holding as they were made in a distinctly different "context of the procedural posture of the case" and do not "reopen questions decided by another judge." ***Windows***, 161 A.3d at 959. This argument, thus, also fails to garner relief.

**B.**

In an argument predicated on the success of its first issue, Appellant next contends that the trial court erroneously entered a nonsuit in favor of Appellees and denied Appellant's motion to remove the nonsuit. Appellant's

Brief at 41-42. Because we conclude that the trial court did not abuse its discretion in its evidentiary rulings, this bootstrapped argument fails.

**C.**

In sum, the trial court did not abuse its discretion in its evidentiary rulings, and it properly concluded that Appellant had failed to present evidence to meet its burden of proof. We, therefore, affirm the trial court's order denying Appellant's motion to strike the judgment of nonsuit.

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 10/09/2024