J-A25024-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| ANTICIOUS PETERSON | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| STACY'S PIZZA, INC., D/B/A STACY'S | : | No. 315 EDA 2024 |
| PIZZA, ANASTASIOS, | : | |
| GEROMICHALOS, ELENI | : | |
| GEROMICHALOS | : | |

Appeal from the Judgment Entered May 16, 2024
In the Court of Common Pleas of Philadelphia County Civil Division at
No(s): 220100956

BEFORE: OLSON, J., DUBOW, J., and SULLIVAN, J.

MEMORANDUM BY DUBOW, J.:                **FILED JANUARY 14, 2025**

Appellant, Anticious Peterson, appeals from the May 16, 2024 entry of judgment in favor of Appellees, Stacy's Pizza, Inc., d/b/a Stacy's Pizza, Anastasios Geromichalos, and Eleni Geromichalos, in this premises liability action. After careful review, we affirm.

The relevant facts and procedural history are as follows. On October 9, 2020, Appellant, a delivery driver for Kast Distributors, made a food delivery to the rear entrance of Stacy's Pizza. The rear entrance of Stacy's Pizza has two doors—a standard-style door that swings open and closed, and a metal overhead shutter-style security door attached to the outside wall of the building from above that rolls up and down. Appellant made two trips through the entrance without incident. On his third trip inside, Appellant's handcart

hit the side rail of the overhead shutter door. Appellant then heard a screeching noise. When he freed the handcart and proceeded through the open doorway, the overhead shutter-style door came down on Appellant's head, causing injury.

On April 22, 2022, Appellant filed a complaint against Appellees to recover for the injuries he suffered. The case proceeded through discovery, and Appellant retained expert witness John Yannaccone, P.E., to provide testimony regarding causation.

On June 2, 2023, Appellees filed a motion for summary judgment arguing, *inter alia*, they were entitled to judgment as a matter of law because Appellant had failed to present any evidence that a harm-causing condition existed on the premises, *i.e.*, that the shutter-style security door was defective or that Appellees had actual or constructive knowledge of any defect. On June 28, 2023, Appellant filed an answer to the motion highlighting the portion of Mr. Yannaccone's expert report he believed supported his contention that Appellees' failure to maintain the shutter-style door rendered it in a defective condition and caused Appellant's injuries. Appellant also contended that the doctrine of *res ipsa loquitur* applies because the facts of this case create a presumption of liability on the part of Appellees. On July 24, 2023, the trial court denied Appellees' motion for summary judgment.[1]

_____

[1] The trial court did not file an opinion in support of its order.

The parties filed numerous pretrial motions *in limine*. When the parties appeared for a jury trial on October 30, 2023, the trial court had decided the motions without argument from counsel, granting Appellees' motion to preclude the court from instructing the jury on *res ipsa loquitur* and on spoliation/adverse inference.

Following the empanelment of the jury and counsels' opening statements,[2] Appellant presented his first witness, Mr. Efron Flores, an employee of Stacy's Pizza who was present at the time of the incident. Mr. Flores testified that, at the time of the incident, he heard a noise and, in response, turned around and saw Appellant holding his head and noticed that the shutter-style security door had fallen somewhat, although he was not clear how far. N.T. Trial, 10/30/23, at 49-60.

Upon the completion of Mr. Flores's testimony, Appellant called Mr. Yannaccone to testify. Shortly after Mr. Yannaccone began to offer his causation testimony, Appellees objected to its foundation; in particular, Mr. Yannaccone's alleged failure to offer his expert opinion within a reasonable degree of mechanical certainty.[3] The trial court held its ruling on the objection in abeyance and permitted the parties to provide additional briefing on the

---

[2] Appellant's counsel indicated in his opening statement that he intended to present the testimony of five witnesses.

[3] Mr. Yannaccone's expert report reads as follows: "I conclude the following to a reasonable degree of engineering certainty . . . Downward movement of the overhead door was **more likely than not due to** it being improperly maintained and adjusted." Yannaccone Report, 6/1/23, at 9 (emphasis added).

issue. The next day, the court heard argument on the objection, after which it sustained Appellees' objection and precluded Mr. Yannaccone from offering causation testimony. The court then concluded that, without expert causation testimony, Appellant could not prove the causation element of his negligence claim. The following exchange, which resulted in an entry of judgment of nonsuit in favor of Appellees, then took place:

| | |
|---|---|
| Court: | Understanding that my ruling is going to make it impossible for the plaintiff to present its case, if there's an agreement between counsel at this time, I'll allow this issue to be immediately appealable. |
| Appellant | Your Honor, there's still the *res ipsa* issue. I understand that was denied without prejudice, but again, we have to see how the evidence comes in and we don't need an expert to prove the case under *res ipsa*. |
| Court: | Denied under *res ipsa*. |
| Appellant: | The case is going to be dismissed. So at this point, what's the point? We're going to appeal. |
| Court: | So I need an agreement. Are you going to rest at this time, without any prejudice to you in any further proceedings? |
| Appellant: | As long as there's no prejudice to my appeal— |
| Court: | Do you agree with that, counsel? . . . Because the other thing is if you don't agree with it, plaintiff is going to have to put forth his other witnesses, then there's going to be a nonsuit entered and then we're going to be at the same point where we are now. This is the most efficient way. |
| Appellee: | Your Honor, I have one question for clarification. . . . If we end now, is plaintiff granted leave to appeal— |
| Court: | This is what's going to happen. He's going to rest. You're going to move for a directed verdict and I'm |

> going to enter a directed verdict and then he'll be immediately able to appeal this issue.
>
> Appellee: Understood. Okay.
>
> Court: Because I think that has to be an issue resolved – I know plaintiff is, you know, very adamant about his position. I see it a different way. And I'm basically putting him out of court with this ruling and I understand that. So I don't want him to have to call his witnesses and put his witness for cross-examination, et cetera, and then he's going to have to – if he wins on appeal, he'll have to do it a second time. **So you're resting** with disagreement?
>
> Appellant: Pursuant to everything we've discussed, **yes**.
>
> Court: I understand.
>
> Appellee: We agree.
>
> Court: And you're moving for nonsuit?
>
> Appellee: We are moving for nonsuit, Your Honor.
>
> Court: And directed verdict is granted.
>
> Appellee: Yes, directed verdict.

N.T. Trial, 10/31/23, at 10-13 (emphasis added).

Appellant filed a post-trial motion to remove the nonsuit, which the trial court denied on January 4, 2024.[4] This timely appeal followed.[5]

Appellant has raised four issues for our review, which we have reordered for ease of disposition:

_____

[4] The prothonotary entered judgment on the verdict of nonsuit on May 16, 2024.

[5] The trial court filed a Pa.R.A.P. 1925(a) opinion but did not order Appellant to file a Rule 1925(b) statement.

- 5 -

[1.] Did the [t]rial [c]ourt abuse its discretion when it granted a [m]otion for [n]onsuit that was not requested by Appellee?

[2.] Did the [t]rial [c]ourt abuse its discretion when it precluded Appellant's expert, John Yannaccone, from fully testifying at trial?

[3.] Did the [t]rial [c]ourt abuse its discretion when it granted Appellees' [m]otion in [l]imine to [p]reclude a potential [r]es [i]psa [l]oquitor before any evidence was presented at trial?

[4.] Did the [t]rial [c]ourt abuse its discretion when it granted Appellees' [m]otion in [l]imine to [p]reclude a potential [s]poliation/[a]dverse [inference] before any evidence was presented at trial?

Appellant's Brief at 5-6.

This appeal arises following the trial court's denial of Appellant's motion to remove a nonsuit. Our standard of review of an order denying a motion to remove a nonsuit is for an abuse of discretion or error of law. *Brinich v. Jencka*, 757 A.2d 388, 402 (Pa. Super. 2000). "[A] non-suit is properly entered if the plaintiff has not introduced sufficient evidence to establish the necessary elements to maintain a cause of action; it is the duty of the trial court to make this determination prior to the submission of the case to the jury." *Kelly v. St. Mary Hosp.*, 778 A.2d 1224, 1226 (Pa. Super. 2001) (citation omitted).

In his first issue, Appellant claims that the trial court improperly entered a judgment of nonsuit because Appellant had not finished presenting his case-in-chief nor rested his case, and Appellees did not move for the nonsuit. Appellant's Brief at 48-51, 53. Appellant also asserts that the court erred because an appropriate *res ipsa loquitur* charge would have obviated the need for him to present expert testimony to prove his case. *Id.* at 54. Last, he

contends that the trial court's earlier ruling denying Appellees' motion for summary judgment precluded the court from determining that Mr. Yannaccone's expert opinion lacked the requisite degree of professional certainty. *Id.* at 54-55.

In order to present a successful claim of negligence, a plaintiff must prove each of the following four elements: the defendant's "duty to conform to a certain standard for the protection of others against unreasonable risks; the defendant's failure to conform to that standard; a causal connection between the conduct and the resulting injury; and actual loss or damage to the plaintiff." *Brewington for Brewington v. City of Philadelphia*, 199 A.3d 348, 355 (Pa. 2018). In the absence of relevant evidence proving each of these elements, the negligence claim will fail. *Holt v. Navarro*, 932 A.2d 915, 923-24 (Pa. Super. 2007).

Our review of the record indicates that Appellant presented the testimony of one witness, Mr. Flores, before Mr. Yannaccone began testifying. The record further reflects that, following the parties' arguments to the court regarding Appellees' objection to Mr. Yannaccone's testimony, Appellant's counsel rested his case without either completing his examination of Mr. Yannaccone or presenting the testimony of any additional witnesses. The record, therefore, indicates that Appellant did not present sufficient evidence to prove the elements of his negligence claim. Moreover, the record belies Appellant's claim that Appellees did not move for entry of a judgment of

nonsuit in their favor. N.T. Trial at 13. Accordingly, we conclude that the trial court properly exercised its discretion in entering a nonsuit against Appellant.[6]

In his second issue, Appellant asserts that the trial court erred in precluding Mr. Yannaccone from offering his expert opinion as to causation. Appellant's Brief at 39-46. In particular, Appellant contends that the court erred by not considering the entirety of Mr. Yannaccone's opinion within the context of the evidence he intended to introduce at trial. *Id.* at 45-46. He argues that, if the court had permitted Mr. Yannaccone to testify in full, "the court would have seen that his testimony, when taken in its entirety, would have been given within a reasonable degree of professional certainty." *Id.* at 41.

The admissibility of evidence "is within the sound discretion of the trial court." **Estate of Hicks v. Dana Cos.**, LLC, 984 A.2d 943, 961 (Pa. Super. 2009) (citation omitted). We review a court's evidentiary rulings for an abuse of discretion. *Id.* An abuse of discretion requires "manifest unreasonableness, or partiality, prejudice, bias, or ill-will, or such lack of support so as to be clearly erroneous." **Nazarak v. Waite**, 216 A.3d 1093, 1100 (Pa. Super. 2019) (citation omitted). Pa.R.E. 702 authorizes a qualified expert witness to offer expert opinion testimony. Pa.R.E. 702. To be admissible, however, a

---

[6] With respect to Appellant's claim that he did not need to prove causation because a *res ipsa loquitur* charge was appropriate in this case, even if that were true, Appellant's negligence claim would fail given the absence of proof of damages.

qualified expert witness must offer his expert opinion with reasonable certainty. *Id.* at cmt.

Here, Mr. Yannaccone's expert opinion as to causation was that "to a reasonable degree of engineering certainty . . . [d]ownward movement of the overhead door was **more likely than not due to** it being improperly maintained and adjusted." Yannaccone Report, 6/1/23, at 9 (emphasis added). Stated another way, Mr. Yannaccone opined that improper maintenance of the door more likely than not caused the door to fall. Critically, Mr. Yannaccone did not opine that, to a reasonable degree of mechanical certainty, improper maintenance caused the door to fall. Accordingly, we conclude that the trial court did not abuse its discretion in finding that Mr. Yannaccone did not offer his opinion to the requisite degree of professional certainty, and, therefore, in sustaining Appellees' objection to it.

Moreover, even if the trial court's ruling constituted an abuse of discretion, we would conclude that because Appellant rested his case-in-chief without presenting any additional evidence, particularly any evidence of damages, the record does not contain sufficient evidence to prove each of the elements of Appellant's negligence claim. Thus, the preclusion of Mr.

Yannaccone's causation testimony would be harmless error[7] and this claim would likewise fail.

In his final two issues, Appellant challenges the trial court's pre-trial orders granting Appellees' motions *in limine* to preclude the court from providing *res ipsa loquitur* and spoliation/adverse inference charges to the jury. Appellant's Brief at 21-38. He baldly asserts, without citation to any legal authority, *inter alia*, that it was "premature and improper to decide if legal doctrines and theories are appropriate in a case through motions *in limine*" without first hearing the parties' evidence. **Id.** at 21.

Our review indicates that, because the court entered a judgment of nonsuit at the close of Appellant's case-in-chief, the trial court never charged the jury. Accordingly, Appellant cannot demonstrate that the court's rulings on the motions *in limine* prejudiced him.[8] Appellant is, therefore, not entitled to relief on this claim.

Having found each of Appellant's issues lacking merit, we affirm the entry of judgment in favor of Appellees.

---

[7] **See Graham v. Check**, 243 A.3d 153, 162 (Pa. 2020) (explaining that a trial court error results in a new trial "only when we determine that the error was prejudicial to the objecting party.")

[8] **See Commonwealth v. Sandusky**, 77 A.3d 663, 667 (Pa. Super. 2013) (citation omitted) (explaining that "the trial court is not required to give every charge that is requested by the parties and its refusal to give a requested charge does not require reversal unless the [a]ppellant was prejudiced by that refusal"); **Tincher v. Omega Flex, Inc.**, 104 A.3d 328, 335 (Pa. 2014) (holding that an appellate court will only order "a new trial if an erroneous jury instruction amounted to a fundamental error or the record is insufficient to determine whether the error affected the verdict").

Judgment affirmed.

Judge Sullivan joins the memorandum.

Judge Olson concurs in result.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 1/14/2025